BULKLEY and others *against* LANDON and others.

Where the declaration stated a promise, that in consideration the plaintiff *would endorse* a note signed by a third person, the defendant would hold himself liable thereon in the same manner as though he had signed it with his proper name, and the evidence was of a promise in consideration of the plaintiff's *having indorsed* such note; it was held, that the evidence did not conduce to prove the declaration.

THIS was an action of *assumpsit* against *John R. Landon, Aaron Smith* and *David Smith,* surviving partners of the late firm of *Smith, Taylor* & Co., consisting of the present defendants and *David Taylor,* now deceased. The declaration contained four counts.

The first was upon a promissory note, alleging it to have been executed by the defendants, " by the name of *David Taylor,* for and in behalf of said firm of *Smith, Taylor* & Co."

The second count was also upon the note, alleging that the defendants, in and by a certain writing or note, dated, &c. executed by *David Taylor,* for and in behalf of the defendants, (the defendants with said *Taylor* being merchants in company under the firm of *Smith, Taylor* & Co.) promised the plaintiffs to pay them, &c.

The third count was as follows : " That the defendants, at the city of *New-York,* on or about the first day of *September* 1814, became indebted to the plaintiffs in the sum of 4000 dollars, for so much money paid, laid out and expended to and for the use of the defendants, at their special instance and request ; for that the plaintiffs aver, that at the city of *New-York,* on or about the 19th day of *August* 1814, the defendants were then copartners in trade, carrying on business as merchants in company with the aforesaid *David Taylor,* then in full life, and for that purpose kept a store or counting-house in the city of *New-York,* and did business

(a) *Hardwicke,* 3 *Atk,* 237.

under the name of *Smith, Taylor* & Co.; that while the defendants were so as aforesaid copartners in trade with said *Taylor, viz.* on the 19th day of *August* 1814, the said *Taylor* made and executed, for the use and benefit of said firm, a certain note, dated said 19th day of *August* 1814, payable to the plaintiffs, or their order, thereby promising to pay to the order of the plaintiffs, sixty days after date, for value received, 3653 dollars, 88 cents; which note the defendants, by said *David Taylor,* then in full life, but since deceased, requested the plaintiffs then and there to indorse, and guarantee the payment thereof; that to induce the plaintiffs to indorse said note, with others of the same date, payable to the plaintiffs, at different periods, and for different sums, the defendants made and executed a certain writing, dated the 29th day of *August,* therein and thereby agreeing and stipulating, that said note, with others which the plaintiffs then and there indorsed, was to be considered the note of said company, and stipulating, that, in consideration that the plaintiffs would indorse said note, they, the defendants, would hold themselves liable in the same manner as though they had signed the same with the proper signature of said company; which writing, so executed, was delivered to the plaintiffs, in consideration of their indorsing said note; and when the same became due, the defendants utterly failed of paying the same, although called upon for payment, and said note was protested for non-payment, and the same hath never been paid by the defendants, or said *Taylor,* but the plaintiffs were compelled to pay, and did pay, said note to the holders thereof, with the costs of protest, and all expenses thereon; of all which the defendants have had due notice; whereby the defendants have become indebted to the plaintiffs in the sum of 4000 dollars for the amount paid on said note, and the interest and expenses thereon; and the defendants afterwards, to wit, at, &c. in consideration of the premises, assumed," &c.

The fourth count was general *indebitatus assumpsit* for money paid, laid out and expended, at the special instance and request of the defendants, to and for their use.

The cause was tried at *New-Haven,* at an adjourned term in *April* 1818, before *Swift,* Ch. J. and *Baldwin* and *Goddard,* Js.

On the trial, the plaintiffs admitted, that no recovery could be had on either of the two first counts, but offered, in proof

*Hartford,*
June, 1818.

Bulkley
*v.*
Landon.

of the third count, a writing under the hands of the defendants in these words : " *New-York, August* 27th, 1814. Messrs. *Bulkley, Someryndike* & Co.—Gentlemen, In consideration of your having indorsed the under-mentioned notes, drawn by *David Taylor* in your favour, we hereby hold ourselves accountable to you for them in the same manner as though said notes were drawn by us. [Signed.] *Smith, Taylor* & Co." It was agreed that the note stated in the declaration was one of such " under-mentioned notes." The defendants, contended, that this writing did not, and could not, in point of law, prove, or conduce to prove, the allegations contained in the third count. But the court decided, and so instructed the jury, that the evidence in question did tend to prove, that the indorsements of the plaintiffs were made *at the request* of the defendants.

In the course of the trial, the plaintiffs offered evidence tending to prove, and claimed that they had proved, that the goods for which the notes were given, were purchased by *David Taylor,* on his own separate account. The court charged the jury, that if they found that the goods purchased went to the benefit of the defendants, or that the money paid by the plaintiffs on their indorsement was paid to extinguish the proper debt and duty of the defendants, at their request ; the plaintiffs were entitled to recover on the fourth count.

The jury found a verdict for the plaintiffs ; and the defendants moved for a new trial, on the ground that the jury were misdirected. This motion was reserved in the usual manner.

*Daggett* and *N. Smith,* in support of the motion, insisted, that the variance between the third count and the writing offered in evidence was material and fatal. They cited *Bristow* v. *Wright* & al. *Doug.* 665. 1 *Chitt. Plead.* 303. *Peake's Ev.* 197.

*Staples* and *W. W. Ellsworth,* contra, contended that the writing was proper evidence to prove part of the allegation in question ; and conduced also to raise a presumption of a previous request. Parol evidence might be adduced to prove the rest, or to shew that the writing and indorsing were all one transaction. Suppose the writing had been thus : " In consideration, that, *at our special instance,* you

have indorsed," &c. this would have proved the whole count. And that the defendants made such previous request may be proved by parol, though not mentioned in the writing.

*Daggett,* in reply. If the evidence offered is not relevant in any manner *of itself,* though by some other evidence it may be made relevant, it cannot be received by the court, unless it is offered in connection with such further evidence ; and this must constitute a part of the case.

SWIFT, Ch. J. The question arises upon the third count in the declaration. That alleges, that the defendants were indebted to the plaintiffs in the sum of 4000 dollars, for money laid out and expended, at their request ; for that the defendants requested the plaintiffs to indorse for them a certain note, and to induce them to do it, executed to them a certain writing ; that the plaintiffs indorsed the note, and were compelled to pay it, by the failure of the defendants to do it. The writing received in evidence was as follows : " *New-York, August* 27, 1814. Messrs. *Bulkley, Someryndike* & Co.*—In consideration of your having indorsed the under-mentioned notes, drawn by *David Taylor,* in your favour, we hereby hold ourselves accountable to you for them in the same manner as though said notes were drawn by us.

[Signed.] *Smith, Taylor* & Co."

And it was agreed, that the note indorsed by the plaintiffs was one of these notes. The court instructed the jury, that the testimony conduced to prove that the plaintiffs indorsed the notes at the request of the defendants. The question is, whether this direction was correct.

It will be agreed, that wherever testimony *per se* conduces to prove any fact put in issue, it is admissible, though it does not prove the whole issue ; but wherever the testimony does not *per se* conduce to prove any fact put in issue, then it is not admissible, unless accompanied with other testimony to shew it to be relevant.

No questions respecting variance arise ; for the action is not grounded on the writing, but it is offered in evidence to prove the issue ; and the question is, whether the money was paid for the benefit, and at the request of the defendants. That the writing conduced to prove the allegations in the third count, it seems to me can admit of no doubt. Here is

a written contract, for a good consideration, expressed in the contract itself. The indorsement of the notes, from the terms of the contract, must be understood to be for the benefit, or at the request, of the defendants. Indeed, the defendants, by the contract, have recognized the fact; and they are not at liberty to deny it. This engagement to hold themselves accountable is equivalent to a previous request.

But it is said, that it is manifest from the writing itself, that the indorsement was not made at the request of the defendants. It is difficult to imagine how this can be made out. The expression, " *in consideration of having indorsed, &c. we hold ourselves accountable,*" &c. most certainly does not demonstrate, that the notes were not indorsed at the request of the defendants. The fair import is, that it was done at their request; for why should they make the indorsement the basis of a written promise to indemnify them, if it had not been made at their request, or, at least, for their benefit? On the ground assumed this is a singular transaction. The defendants have agreed to indemnify the plaintiffs for indorsing certain notes, without their request, and in which they have no interest. It is idle to pretend, that parties could have acted in this manner; and it is strange that such a supposition should be adopted to discharge them from a written obligation.

It is further said, it appears from the expression *having indorsed,* that the consideration was *past :* that the contract, therefore, was without consideration, and void. It is true, the expression *having indorsed* shews the notes must have been indorsed prior to the execution of the writing; but is it gravely to be pretended, this shews the consideration was not existing at the time, and was, therefore, *past* and *void ?* In most executory contracts, the consideration must precede their execution; but it was never before supposed that this was a past consideration. Though the act was previously done, yet the duty or obligation exists at the time, and constitutes a valid consideration. What was the natural course of the business in this case, as appears from the writing? The plaintiffs first indorsed the note to create the consideration, and then the defendants, in consideration thereof, engaged to be accountable. The consideration here, as in *all similar* cases, must have been existing at the time of the contract, though the act was previously done. But

according to the argument in this case, because it appears from the writing that the indorsement was first made, it proves that the consideration was past, and the contract a nullity. This would destroy nearly every contract that is made. Take the case of a note : *For value received, I promise to pay.* The expression *value received* as strongly imports a past consideration as *having indorsed ;* and it may as well be said, that the consideration of every note is past, and the note void, as that the consideration of this contract is past, and the contract void.

In the construction of contracts, it is a general rule, that every thing is to be taken most strongly against the party promising. But here we are called upon to make presumptions against the plain import of the words, in favour of the promissor, in order to discharge him from a written agreement.

There is another point in the case not noticed in the argument, which it appears to me must be conclusive. It is stated in the motion, that the plaintiffs offered evidence tending to prove, and claimed that they had proved, that the goods purchased for which the notes were given went to the benefit of the defendants, and that the money paid in consequence of indorsing the note, was paid at their request, and for their benefit. Though this evidence in the charge was applied to the fourth count, it was equally applicable to the third ; and was not excluded from being so applied by the charge ; for it is not stated in the motion, that the writing was the only evidence adduced to prove that count. This fact most clearly shews the relevancy of the writing offered in evidence ; for if the goods for which the note was given were for the defendants, then the note, though given by *David Taylor* only, was for the proper debt and duty of the defendants, and the indorsement must have been for their use and benefit, and certainly constituted a good consideration for the written agreement offered in evidence, the object of which was to bind them to indemnify the plaintiffs for indorsing the notes. That writing, then, taken in connection with the other testimony before the jury, most clearly conduced to prove the material allegations in the third count. The amount of the testimony was, that the plaintiffs had indorsed a note given for the proper debt and duty of the defendants, and the defendants, in consideration

*Hartford,*
*June, 1818.*

Bulkley
*v.*
Landon.

thereof, promised to indemnify them.    And even if the plaintiffs first indorsed at the request of *David Taylor*, yet when the defendants assumed the debt, the liability of the plaintiffs to pay the debt of the defendants was a consideration for a promise to indemnify them.

I think a new trial ought not to be granted.

In this opinion SMITH, BRAINARD and PETERS, Js. concurred.

TRUMBULL, J.   In this declaration, the third count, on which the questions of law arise, is brought on a certain promissory writing alleged to have been executed by the defendants.    It avers, that to induce the plaintiffs to indorse the note of said *Taylor*, the defendants made and executed a certain writing, dated the 27th day of *August* 1814, therein and thereby agreeing and stipulating, that in consideration that the plaintiffs would indorse said note, the defendants would hold themselves liable on the same, in the same manner as though they had signed the same with the proper signature of their company : that this writing was executed and delivered to the plaintiffs, in consideration of their indorsing said note ; and that thereupon the plaintiffs did indorse it, &c. To support this averment the plaintiffs produced the following note, signed *Smith, Taylor* & Co. : " *New-York, August* 27th, 1814.    Messrs. *Bulkley, Somerindyke* & Co.—Gentlemen, In consideration of your having indorsed the undermentioned notes drawn by *David Taylor*, in your favour, we hereby hold ourselves accountable to you for them in the same manner as though said notes were drawn by us." It is evident, that this could not have been admitted by the court, as the writing on which the plaintiffs counted : It is agreed, that this writing is of itself void, and a *nudum pactum* on the face of it.    The promise it contains is grounded on a *past* consideration, which could lay no moral or equitable obligation on the defendants.    It is essentially different from the promise laid—as variant as the past tenses from the future, in grammar, or the eternity *a parte ante* from that *a parte post*, of the schoolmen.    It is an absolute promise to pay, in consideration that the plaintiffs *had indorsed*, and the promise laid is a promise to pay on condition that the plaintiffs *would indorse*, the note of said *Taylor*.    As the plaintiffs have declared on a promise in writing, it was incumbent on

them to produce a writing containing a promise substantially the same, in every material part, as that laid in the count. This variance is, in my opinion, fatal.

The court, in their charge to the jury, instructed them, that this writing " did tend to prove that said indorsement of the plaintiffs was made at the request of the defendants." I cannot bring my mind to assent to the correctness of this part of the charge. The writing must speak for itself; and it certainly gives no hint of any such request. How, then, can a jury have a right by law to presume from it, that such a request existed. Legal presumptions are grounded only on proof of such circumstances as necessarily, or usually, accompany the fact to be presumed. But this whole transaction is so unusual in its nature, and so different from the course of mercantile business, that the unknown circumstances, which may have attended or occasioned it, are matters not of presumption, but mere conjecture and uncertainty. From the different and distant places at which the defendants resided, it cannot be supposed probable, that they were all present in the city of *New-York* at the time the plaintiffs indorsed *Taylor's* note. It is plain, that *Taylor,* though a partner, did not think himself warranted to use the name of the company in this transaction, as he signed the note with his separate name only. The signature of *Smith, Taylor* & Co. to the writing, must have been executed by the acting partner in *New-York,* who appears to have been the said *David Smith.* But unless he had a special power, from that firm, to act for and bind the company by a request to the plaintiffs to indorse the several note of *Taylor,* his request, if proved, would be of no validity against the defendants ; as no such power is given merely by his becoming one of the copartners, nor is such an act within the general business of the partnership.

The other ground for recovery claimed by the plaintiffs, is wholly distinct, and has no bearing on the present question.

For these reasons, I am of opinion, that a new trial ought to be granted.

EDMOND, HOSMER and CHAPMAN, Js. were of the same opinion.

GOULD, J. The third count, upon which the question is raised, is a special one, stating that *D. Taylor,* a late trader

*Hartford,*
June, 1818.

Bulkley
*v.*
Landon.

*Hartford,*
*June, 1818.*

Bulkley
*v*
Landon.

in company with the defendants, made his sole promissory note, for the use and benefit of *the company*, payable to the plaintiffs : that the *defendants*, to *induce* the plaintiffs to indorse the note, agreed in writing, that it should be *considered as the note of the company :* that, in consideration, that the plaintiffs *would* indorse it, they, the *defendants*, would hold themselves liable upon it, as though it had been made under the signature of the company : that the plaintiffs, *thereupon* did indorse it, and have been compelled to pay the contents, with costs and charges, to the holder—and concluding in *indebitatus assumpsit*, for the amount so paid, as money paid, laid out and expended, for the use of the defendants. The writing, shown in evidence, is an agreement, signed by the *company*, that, in consideration of the plaintiffs' *having before* indorsed the note, they, the *company*, would hold themselves accountable, &c. Now, does this writing conduce to prove any material part of the preceding statement ? I am clearly of opinion that it does not ; and therefore, that the jury were misdirected.

If it was necessary for the plaintiffs to prove any part of the statement, relating to the written agreement ; the writing produced was irrelevant for that purpose, on the ground of *variance.* The date excepted, there is no one part of that agreement, which does not vary materially, from the description of it in the third count. The plaintiffs allege, that, to *induce* them to indorse *Taylor's* note, and in consideration that they *would* (*i. e.* would *thereafter,*) indorse it, the defendants agreed, &c. But the consideration, and the only one, expressed in the writing, is, that the plaintiffs *had before* indorsed the note. In this particular, the variance is one of the most important, that can be imagined, in the description of a contract : it goes to confound, entirely, all distinction between past and present considerations. The third count further states, that the defendants agreed, in writing, that the note *" was to be considered as the note of the company."* But as to this alleged agreement, the writing itself is entirely silent. Here, then, the plaintiffs have stated, as a constituent part of the written contract, an entire, substantive clause, not contained in it. But the objections, on the score of variance, do not terminate even here. It is alleged, that the *" defendants* made and executed" the writing in question, and agreed that *" they* would hold *themselves* liable" upon

the note : whereas the writing produced is signed " *Smith, Taylor* & *Co.*" and purports to be the agreement, not of these defendants, individually, but of *all* the late partners, as a *company.* In these last allegations, therefore, there is a palpable variance, not only as to the *terms* of the agreement, but also, as to the *persons* contracting : so that the writing, shown in evidence, could not conduce to prove *any* agreement whatever, between the present parties. For though, where a suit, founded upon an instrument, is brought against a part only of those, by whom it was executed, advantage cannot regularly be taken of the omission of the others, except by plea in abatement ; yet, this rule applies only to the *non-joinder* of necessary parties. But in this case there is no *non-joinder :* this last exception, like the former, proceeds, exclusively, upon the ground of *variance*—of which no advantage could have been taken, in any way, by plea in abatement ; since the written agreement is not the foundation of the action.

The different allegations, to which I have adverted, when taken together, and compared with the writing, present, perhaps, the clearest and strongest case of variance, I have ever met with. But as the action is not brought upon the written agreement, the variance is said not to be essential. This conclusion, by no means, follows, as a matter of course, and if it did, the plaintiffs would not be aided by it. The mere circumstance, that a writing, set out in a declaration, is not the ground of action, does not dispense with the necessity of proving it, strictly, as *laid.* The cases of *Smith* v. *Savage,* 2 *Black. Rep.* 1104. *Bristow* v. *Wright, Doug.* 665. *Cudlip* v. *Rundle, ib.* 668. cited, and *Shute* v. *Hornsey, ib.,* have placed the rule beyond debate, that a record, or written instrument, when alleged in pleading, must be proved precisely as set out, unless the statement of it is so entirely impertinent, that the whole of it might be struck out, without injury to the pleading. And I confess, I am inclined to consider the averments, in the third count, which relate to the writing in question, as being of this description. For if they had been entirely omitted, that count would have been a *general indebitatus assumpsit,* for money paid, laid out and expended, and, upon the face of it, good. And considering it in this point of view, the variances, however great, must, indeed, be laid out of the case. But other ob-

jections, equally fatal to the verdict, will still occur : so that it will be immaterial, in the result, whether those averments, either in whole, or in part, were necessary, or not. Thus much is certain : they were either material, immaterial, or impertinent. If material, they certainly ought to have been strictly proved ; and upon this supposition, no one can doubt, that the exceptions, on the ground of variance, are fatal. If they were immaterial, as contradistinguished from *impertinent—i. e.* if they were unnecessarily particular, but could not have been dispensed with, *in toto*, without violating the count ; it is equally clear, from the cases, just cited, that the rule, and, of course, the result, are the same.

Let us take, then, the only remaining supposition, *viz.* that all that part of the third count, which relates to the written agreement, is *impertinent :* In other words, suppose all that part to be erased. The third count will then be— exactly what the fourth now is—a *general indebitatus assumpsit,* for money paid, laid out, and expended. Is the writing, then, relevant to prove, under such a *general* count, that the money, advanced by the plaintiffs, was paid for the *use* of the defendants, or at their express or implied *request ?* The liability of the plaintiffs, upon *Taylor's* note, and the payment, which they have been compelled to make, to the holder of it, grew out of their indorsement. And the writing, surely, cannot furnish the slightest presumption, that the indorsement was made, at the instance of the defendants, unless the terms of it afford evidence, that the note was made for *their benefit.* The simple question, therefore, is, whether the fact of one person's guaranteeing the payment of an obligation, given by another, is evidence, in law, that the obligation was given for the benefit of the party, giving the guaranty ? This is really the whole question. For the words, " as though the said notes were drawn by us," were plainly used, as a mere *form of guaranty*—to express the *nature* and *extent* of the *undertaking.* Every presumption, therefore, arising out of the transaction, is directly *against* the inference, which the plaintiffs claim from it. That inference must be founded upon the assumption, that your engaging to pay, or to secure the payment of, my obligation, is, *per se,* presumptive evidence, that the debt thus secured, is *yours.* But the transaction, I repeat, is so far from raising such a presumption, that the true conclusion is directly the reverse

of it.   And, in the present case, there is nothing to rebut this conclusion.   The relation in which *D. Taylor* stood to the defendants, furnishes no presumption either way.   The question, therefore, is a matter of mere legal inference, upon the face of the agreement.

*Hartford,*
June, 1818.

Bulkley
*v.*
Landon.

But the direction of the court, upon the third count, is exceptionable, upon other grounds.   In the first place, if a bare agreement by *A.* to be answerable for the payment of an obligation, made by *B.*, is evidence to a jury, that the obligation was given for the debt of *A.* ; the second clause of the statute of frauds may, in all cases be evaded, and thus virtually repealed.   For though, upon this supposition, *A.'s* agreement, if unwritten, or without consideration, would not be binding, as an *express collateral* undertaking ; yet, as evidence of an original indebtedness, on his part, it might, in every instance, and, in most cases, probably would, have the same effect, as if there were no such statute.   And the agreement's being in writing, in the present case, can, in no degree, obviate the objection.   If this action were *founded* upon the agreement, as a special collateral promise to pay the debt of another ; the circumstance of its being written, might, so far as regards the objection, arising from that statute, be material.   But as presumptive evidence of a *distinct, extrinsic, collateral* fact—as, that *Taylor's* note was given for the benefit of the defendants, or of the company, or at their request—the statute could not apply to it.   Its being written, or verbal, could, as to this purpose, make no difference.   And if the agreement, contained in the writing in question, had rested in parol ; it would have warranted the same direction to the jury, as it could warrant, by being written, as it is. According to the direction, in this case, therefore, every express parol agreement, to pay the debt of another, though not valid *as such,* under the statute, may still be effectual to subject the promissor, as *evidence* of an implied promise, *inconsistent* with the terms of the express undertaking.   The necessary tendency of such a rule, to destroy the second clause of the statute of frauds, is very apparent.

There is still another important result, involved in the question, and to which I have already barely adverted, under a former head of argument: if the direction of the court, upon the third count, is correct, a promise, upon a consideration completely *past and executed,* and therefore void in

Hartford,
June, 1818.

Bulkley
v.
Landon.

law, may, nevertheless, and in every instance, become virtually binding, in the form, and under the name, of *presumptive evidence*; that is, by being converted into evidence of a previous *request*—though that fact is so far from being a legitimate inference from the nature, or terms of such a promise, that it is manifestly repugnant to both. Thus, in the present instance, a promise, in consideration, that the plaintiffs *had* indorsed the note of a third person, has been construed into a presumption, that the indorsement was made in *consequence* of a prior request, by the promissors; or in other words, of a prior *implied promise*, on their part, to indemnify the indorsers. Now, what is there, in the nature of such an undertaking, that gives the least countenance to such a presumption? There is, surely, no novelty in one's guaranteeing a pre-existing contract, to which he was originally an entire *stranger*. And what is to be the effect of such a rule? It will necessarily extend, in various ways, the legal liabilities of guarantees and sureties, of every kind, and, to all practical purposes, abolish the distinction between past and present considerations.

It has been suggested, for the purpose of obviating these objections, that the written agreement is an express *adoption* of the note, by the defendants, as *their own*. This proposition might be answered in various ways; but its soundness may be tried by a very short and decisive process: would the writing support a count against the defendants, as *makers* of the note? This is not pretended. Indeed, it is directly disclaimed, on the part of the plaintiffs, by the express abandonment of the two first counts. And if the argument would not subject the defendants, as makers of the note—as it confessedly would not; the proposition amounts, in effect, to nothing.

Whether, as has been observed in the argument, such supposable facts might exist, as would render the written agreement proper evidence, upon the third count, or upon either of the others, is of no importance. There are no such facts in the case. Of course, the writing, to be admissible, to any purpose, must *import* relevancy upon the face of it. In every view of the question, I think, there ought to be a new trial.

New trial to be granted.