THE TOWN OF CANTERBURY *vs.* BENNETT.

An error apparent upon the declaration should be taken advantage of, either by a motion in error, a motion in arrest of judgment, or by writ of error, and is no ground for a motion for a new trial.

THIS action, which was founded upon the statute "concerning idiots, lunatics and spendthrifts," was brought by the town of Canterbury to the superior court for Windham county, against John Bennett, to recover for expenses incurred in restraining and supporting one Hosmer Bennett, who was alleged to be a lunatic and distracted person, and the son of said John.

The declaration alleged, that on the 7th day of March, 1850, one Hosmer Bennett was, and for a long time before had been, a resident of said town, and was, and ever since had continued to be, a lunatic, and distracted person, and dangerous and unfit to go at large ; that on said day, a written complaint was preferred to George S. White, a justice of the peace of said town, informing him "that said Hosmer was a resident of said town, and then was, and for a long time before had been, a lunatic and distracted person, and that he was dangerous and unfit to go at large, and might injure others in their persons or estate, and that the complainant had reason to believe, that he would so do, and that said Hosmer was then at large ;" that a complaint had been duly and legally made by the complainant to the selectmen of the town of Canterbury, who had neglected and refused to proceed with said Hosmer ; that said John Bennett was the father of said Hosmer, by law liable for his support, and was of sufficient ability to support him ; that said Hosmer was destitute of the means of support ; that said complaint prayed said justice to cause said Hosmer to be brought before him, that the matters in said complaint might be enquired into, and that he might be examined, and provision might be made for confining him in some suitable place in conformity with the provisions of the act, entitled an "act

concerning idiots, lunatics and spendthrifts." Said declaration then proceeded to set forth, circumstantially, the proceedings of said justice, who caused said Hosmer to be brought before him and adjudged that he should be confined in the Retreat for the Insane in Hartford, and thereupon issued a warrant for that purpose, in pursuance of which, said Hosmer was carried to said Retreat, and confined therein. The plaintiffs averred, that in instituting and carrying on said process, and in the support of said Hosmer at said Retreat, they had expended the sum of one hundred and fifty dollars; for the recovery of which sum said action was brought.

The defendant having pleaded the general issue, the plaintiffs, on the trial of the cause to the jury, read in evidence, a certified copy of the complaint and proceedings thereon, set forth in their declaration.

The defendant claimed, and prayed the court to charge the jury, that said complaint gave no *authority to said White,* the justice, to whom the complaint was made, to issue any warrant in the premises, because it did not appear from the complaint, that the said Hosmer Bennett was at large in the town of Canterbury, and therefore all the proceedings upon the same were void, and no legal liability was incurred by the town or imposed upon the defendant. But the court did not so charge the jury.

The defendant further claimed and prayed the court to charge the jury, that if all the facts set forth in the plaintiffs' declaration were found by them true, yet they constituted no reason in law, why the plaintiffs should recover, and that their verdict must be for the defendant. But this instruction was not given.

The jury having returned their verdict in favor of the plaintiffs, the defendant moved for a new trial.

*Foster* and *Tyler*, in support of the motion.

*Cleveland* and *Welch*, contra.

Day *v.* Cutler.

HINMAN, J. In the case of *Pearl* v. *Rawdin,* 5 Day, 244, it was decided, that the insufficiency of the declaration was no ground for a motion for a new trial ; and the court thought the point so clear, that it refused to hear argument upon it, although it was stated, that the question was brought up in that form, by consent of parties. Again, in *Minor* v. *Mead and another,* 3 Conn. R., 289, it was held, that an error apparent on the record could not be taken advantage of, on a motion for a new trial. These cases were approved in *Burr* v. *Broome,* 4 Conn. R., 247, and the same principle applied to a bill in chancery, brought to foreclose a mortgage. In conformity to these decisions, the practice, for many years, has been, to file motions in arrest, for any insufficiency in the pleadings, at the same time when there was also allowed a motion for a new trial of the case. Our reports show many cases in which this has been done.

In this case, the objections to the plaintiff's right to recover, if there are any which ought to prevail, all appear upon, and arise from, the declaration itself, and the defendant's whole argument has been made, for the purpose of showing that, upon the whole record, the plaintiff is not entitled to judgment. If this is so, he could have filed a motion in arrest, and he can now, after judgment, bring a writ of error, but he has no ground for a new trial, and the present motion must be dismissed.

In this opinion, the other judges concurred, except WAITE, J., who having tried the cause in the court below, was disqualified.