CHARLES WHITE *v.* DANIEL TARBELL, JR.

*Declaration on promissory note.*

A declaration upon a promissory note, payable to L. P. or bearer, in which the only aver-
ment of the transfer, and of the plaintiff's title, is an averment that the plaintiff " is the
*bona-fide* owner and bearer of said note,"—and in which no time is alleged when the
note was payable, is sufficient on general demurrer.

ASSUMPSIT. The declaration was as follows.

" In a plea of the case for that the defendant, at Royalton, in
" the county of Windsor, on the 15th day of June, A. D. 1854,
" by his promissory note of that date, under his hand, for value
" received, promised to pay Luther Perigo or bearer two hundred
" and fifty dollars with interest. And the plaintiff avers that he
" is the *bona fide* owner and bearer of said note, yet, though, often
" requested of said defendant, he has never paid said note or any
" part thereof, but wholly neglects and refuses so to do, which is
" to the damage, &c."

The defendant filed a general demurrer. The county court, Jan-
uary Term, 1855,—UNDERWOOD, J., presiding,—overruled the
demurrer, and rendered judgment for the plaintiff, to which the
defendant excepted.

*Kidder & Marcy* for the defendant.

*H. A. White* for the plaintiff.

The opinion of the court was delivered by
BENNETT, J. We see no objection to the declaration, which
can prevail on general demurrer.

The note is declared upon as a note payable to Luther Perigo or
bearer, and the declaration avers that the plaintiff is the *bona fide*
owner and bearer of said note. Though it was once doubted in
this state, yet it has long been the settled law that, upon a note
payable as this is, the bearer may maintain an action on it, in his
own name, without an endorsement of it.

This declaration is much like the one in *Dole* v. *Weeks* in the
4th of Mass. 451, which was held well enough upon general
demurrer. In that case, however, it was simply averred that the

plaintiff was the bearer of said note, and the court said they would presume the plaintiff was the lawful bearer of it. But in the case before us, it is alleged the plaintiff was the *bona fide owner and bearer* of the note. The only doubt I had, at the hearing, was whether the plaintiff should not have alleged a time when the note was payable. In the declaration, the plaintiff has, doubtless, followed the form of expression as to the promise which is used in the note. In the case of *Bacon* v. *Page*, 2 Conn. 404, it is true, it was held that in declaring upon a note, where no time was mentioned when it was payable, it was necessary to allege that it was payable on demand, and, that, unless it was so alleged, it was declaring upon the evidence, and not according to the legal effect of the promise, and it was said that it did not appear from the declaration that the note had become payable.

But in *Herrick* v. *Bennett*, 8 Johns. 374, it was held sufficient to declare upon a note according to its terms, and, that when no time of payment is mentioned in the note, it is payable immediately and that this was a conclusion of law. So in the case of *Sheehy* v. *Mandeville*, 7 Cranch. 208, 217 ; the declaration alleged no time when the note was payable, and CH. JUSTICE MARSHALL says, " the legal effect of the promissory note is stated, and that " the effect on a note having no day of payment would be, that it was " payable immediately." See also *Okie* v. *Spencer*, 2 Wharton, 253, 260.

We think on the whole, then, that this declaration is according to the legal effect of the note, and is not declaring upon the evidence, as is said in the case in the second of Connecticut. We are to presume, upon the demurrer, that the plaintiff has stated his note according to its terms.

The judgment of the county court is affirmed.