## JAMES M. ADAMS *vs.* GEORGE M. WAY.

Where an instrument is set out in terms in a declaration, it is not rendered inadmissible on the ground of variance by other allegations of the declaration which are inconsistent with it.

The case of *Bulkley* v. *Landon*, 2 Conn., 404, and 3 Conn., 76, commented on.

A plea that denies the allegations of a declaration waives, for the time being, the question of their sufficiency, and on the trial the defendant can not take the ground that if proved they constitute no ground of action. The simple question to be tried on such an issue is, whether the material facts alleged are proved.

By "material" is not meant "of legal sufficiency," but such facts as constitute a pertinent part of the plaintiff's case as he presents it in his declaration. Matters that are impertinent or mere surplusage, a plaintiff will not have a right to prove.

A guaranteed by an instrument under seal that a certain mortgage to be given by B to C, should be sufficient security for the loan to be secured by it. The instrument described the mortgage debt as payable in three years, with semi-annual interest. The mortgage described it as payable in three years with semi-annual interest, and the whole principal to become due at the option of the mortgagee, on-

failure to pay the interest. There were expressions in the guaranty which indicated that the mortgage had been already drawn and agreed to by the guarantor. Held, that the instruments were not irreconcileable, and that if the guaranty was drawn with reference to the mortgage as an already existing writing to be thereafter executed, the two were to be construed together.

Held also, that parol evidence was admissible to show that, upon a failure of the debtor to pay the interest, the guarantor had requested the creditor to bring a suit for a foreclosure and that he had done so upon such request.

A change of the time of payment in a contract, made with the assent of a surety, will not discharge the surety.

COVENANT on a guaranty. Tried in the superior court on the general issue, closed to the court, before *Carpenter*, J.

The declaration alleged that on the 17th day of December, 1858, L. & L. W. Kennedy of Milwaukee, in the state of Wisconsin, applied to the plaintiff for a loan of $3,500 for the period of three years, with interest payable semi-annually at twelve per cent., and proposed to secure the payment by a mortgage of certain lots in Milwaukee, owned by the wife of L. Kennedy, the mortgage to contain a condition for the payment of the principal and interest according to the terms of the loan, and a further condition that if there should be a failure to pay the interest as it should become due, the whole of the principal should thereupon at the option of the plaintiff become due, and that a foreclosure of the mortgage might be taken. The declaration then alleged that the defendant, in consideration that the plaintiff would make the loan upon the security thus offered, executed and delivered to him the following writing under seal, which was recited in full in the declaration :—

" Whereas, L. & L. W. Kennedy of Milwaukee, in the state of Wisconsin, propose to borrow of James M. Adams of Hartford, in the State of Connecticut, the sum of $3,500, at twelve per cent. interest per annum payable semi-annually, and to provide security for the payment of the principal in three years, and interest as above, by procuring the wife of the said L. Kennedy to join with her husband in executing a deed of mortgage of [certain real estate in Milwaukee,] such loan and contract to be made in Milwaukee, according to the laws of Wisconsin ; and whereas, at my request and upon my promise

and guaranty, the said Adams has been induced to consider said proposition.:—Now therefore, in consideration of the premises, and for the further consideration that the said Adams shall make to the said L. & L. W. Kennedy said loan, upon the interest and security above proposed, I do hereby guarantee and promise that the land above described shall be a sufficient security for said loan and interest, and that upon the failure of said L. & L. W. Kennedy to pay any part of said principal sum at its maturity or of the interest semi-annually, as they may agree, if the said Adams, his representatives or assigns, shall proceed according to the laws of Wisconsin to make said real estate available, and subject the same for the payment of said principal and interest unpaid, a sufficient amount shall be realized therefrom to pay and satisfy all principal and interest in arrears, and also all legal costs and charges. And that I will indemnify the said Adams against all charges and liabilities incurred by him in such proceedings, and which are agreed to be paid in and by said mortgage, and that if the said land shall not under such proceedings realize to said Adams, his representatives, or assigns, enough to pay in full the debt and interest aforesaid, and also his costs and charges as agreed to be paid in and by said mortgage, then I will upon demand pay to said Adams, his representatives or assigns, such amount as shall be required to pay said debt and interest, and all costs agreed to be paid in and by said mortgage, so that the said Adams, his representatives or assigns, shall realize the whole amount of his loan and interest at twelve per cent. per annum for the whole period, clear of all expenses, costs and charges incurred in making such loan or recovering the same, except such as are not included or mentioned in said mortgage, meaning hereby to guarantee to said Adams, his representatives or assigns, the full payment of said loan of $3,500 and interest at twelve per cent. per annum, and all costs and expenses accruing in the collection of the same, as agreed in and by said mortgage to be paid; provided the said Adams, his representatives or assigns, shall use due diligence to recover the same from the mortgage security proposed to be given as above. And it is hereby further pro-

vided, that if the said L. & L. W. Kennedy shall neglect to pay any of said installments of interest within one month after the same becomes due by the terms of said mortgage, then unless the said Adams, his representatives or assigns, shall within one month after the time I shall notify them of said non-payment proceed against said mortgaged property, and use all due diligence to obtain the amount of said interest therefrom, this guaranty shall become null and void. In witness whereof I have hereunto set my hand and seal, this 17th day of December, 1858." GEORGE M. WAY. (SEAL.)

The declaration then proceeded to allege that in consideration of the foregoing covenant of the defendant, the plaintiff considered the proposition for the loan, and afterwards on the 28th of December, 1858, did loan, under the arrangement made, the sum of $3,500 to L. & L. W. Kennedy for the period of three years, with interest payable semi-annually, and that on that day they delivered to him a mortgage executed by L. Kennedy and his wife of the real estate agreed upon and described in the declaration, which mortgage was dated the 3d day of December, 1858, and which provided that the principal sum should be repaid at the end of three years, with interest payable semi-annually at the rate of twelve per cent., and that in case of the non-payment of the interest as it became due the whole amount of the principal should, at the option of the plaintiff, be deemed to have become due, and the mortgage might be foreclosed. The declaration then alleged that the mortgage was not a sufficient security for the loan, that there was a failure to pay the first semi-annual interest that fell due, that the plaintiff thereupon elected that the whole of the principal should become due, that he afterwards within the time required by the guaranty instituted a foreclosure in the District Court of the United States for the district of Wisconsin, and obtained a decree under which the mortgaged premises were sold, that the debt at the time of the sale amounted to $4,154.79, and the mortgaged premises brought at the sale only $2,650, and that the defendant was bound under his guaranty to pay him the balance of his debt, but

though requested had refused, and that the same had never been paid by the original debtors.

On the trial the plaintiff offered in evidence the guaranty of the defendant, under seal, as set out in the declaration. The defendant objected to its admission on the ground of a fatal variance between it and the declaration, and the court excluded it.

The plaintiff then offered the guaranty in evidence in connection with parol evidence that the defendant was notified of the default in the payment of interest, before the suit for a foreclosure had been brought, and that he thereupon requested the plaintiff to foreclose the mortgage, and that the plaintiff brought the suit for that purpose because of this request. To this evidence the defendant objected, on the ground that the guaranty was inadmissible by reason of variance, and the parol evidence as irrelevant, and because the contract being in writing could not be affected by parol evidence. The court sustained the objection and excluded the evidence.

The court having rendered judgment for the defendant, the plaintiff moved for a new trial.

*Hyde* and *McFarland*, in support of the motion.

1. The court erred in rejecting the original guaranty when offered in evidence, on the ground of variance. The defence being a general denial, the plaintiff was put upon the proof of his case. This involved proof of the material allegations of the declaration. The sufficiency of these allegations could be objected to only by a demurrer, or after the verdict by a motion in arrest or by a writ of error. As the case then stood no question of the sufficiency of the declaration could be made. The guaranty was set out in the declaration in precise terms and there is no pretense that there was any actual variance between its recital in the declaration and the original. The original guaranty when offered in evidence was therefore the proper and most direct evidence of the fact of the guaranty and of its terms. It is contended however that there was a variance between this instrument and the whole declaration taken together, because the mortgage which is described in

Adams *v.* Way.

the declaration varied in its terms from the mortgage purporting to be secured by the guaranty. We deny that this is so, but conceding it to be so, it yet does not render the guaranty inadmissible in evidence. The plaintiff had a right to prove every material allegation of his declaration, and he had alleged the existence and stated the terms of this guaranty, and this allegation he had a right to prove independently of any other allegations which he might have made. There can not be a variance between an allegation and the proof when both, as here, precisely correspond. The case of *Bulkley* v. *Landon*, 2 Conn., 404, and 3 Conn., 76, was relied on by the defendant's counsel in support of their claim, but it will be found on examination that no such point was there decided by the court.

2. The guaranty and the mortgage are entirely reconcileable. It is a well-settled rule that the words are to be taken as strongly against the party giving a guaranty as they will fairly admit of. *Mason* v. *Pritchard*, 12 East, 227 ; *Drummond* v. *Prestman*, 12 Wheat., 518 ; Burge on Suretyship, 42 ; Note of Am. editors, 1 Cromp. & Mees., 54, Hare & Wal. ed. The only point made by the defendant is, that the guaranty was of a loan of $3,500, to be made for three years absolutely, while the mortgage was to secure a loan which might upon a contingency become due within that time. But it is manifest from the terms of the guaranty that the details provided for in the mortgage were a matter of indifference, and that the parties were to agree upon these. It refers to the loan as made upon the guarantor's request, and provides for a mortgage to secure " said loan." And it speaks of the failure of the borrowers " to pay any part of said principal sum at its maturity or of the interest semi-annually, *as they may agree*," clearly implying that the matter was open for their agreement, and that they might agree as to the provision to be made for a failure to pay the semi-annual interest. The guaranty also refers to the mortgage as already drawn and its contents known to the guarantor. It speaks of sundry matters " as agreed in and by said mortgage." By thus referring to the mortgage it adopts it, and the guaranty becomes applica-

ble to it by the agreement of the guarantor himself. This being so he would be estopped from denying that it was the mortgage intended by the guaranty. The plaintiff accepted the mortgage upon the faith of the guaranty and the defendant can not now repudiate it. Further, the loan and mortgage were, by the terms of the guaranty, to be made under and according to the laws of Wisconsin, and the statute of that state provides that upon default to pay interest in such a case the whole debt shall become due, and the mortgage may be foreclosed. Rev. Stat. of Wisconsin, 858. The mortgage merely provided expressly for what would have been provided equally by the law if there had been no such provision in the mortgage. And here comes in pertinently, and as admissible evidence, the proof that was excluded by the court, that the defendant himself requested the plaintiff to foreclose, and that the latter did so wholly upon this request; for while it may be said that the laws of Wisconsin, though giving the mortgagee the right to foreclose, yet do not require him to do so, the defendant can not object to the course of the plaintiff in foreclosing when he did it wholly upon the defendant's request.

*T. C. Perkins* and *C. Chapman*, against the motion.

1. The guaranty was not admissible in evidence because there is a variance between the contract agreed by it to be guaranteed and the contract alleged in the declaration to have been actually made. The former was a contract that the principal of the loan should become payable in three years absolutely ; the latter was a contract that the principal should become payable in three years if the interest was paid regularly, if it was not then the principal was to become payable at the option of the plaintiff. This variance is a fatal one. 2 Wm. Saund., 414, note 5 ; *Miller* v. *Stewart*, 9 Wheat., 680, 702 ; *Whitaker* v. *Hall*, 5 Barn. & Cress., 269 ; *Bethune* v. *Dozier*, 10 Geo., 235 ; *Bonser* v. *Cox*, 4 Beav., 379 ; *Watriss* v. *Pierce*, 32 N. Hamp., 560 ; *McWilliams* v. *Mason*, 6 Duer, 276 ; *M' Kay* v. *Dodge*, 5 Ala., 388 ; *State* v. *Medary*, .17 Ohio, 554, 565. This precise point was held by the

supreme court of the state in *Bulkley* v. *Landon*, 2 Conn , 404, and 3 Conn., 76. In determining whether there is this variance the construction of the guaranty is to be favorable to the guarantor. · Burge on Suretyship, 40 ; *White* v. *Reed*, 15 Conn., 466 ; *Melvill* v. *Hayden*, 3 Barn. & Ald., 595.

2. This variance can not be aided by proving by parol that the terms of the guaranty were changed. No such change is averred in the declaration. The declaration is in covenant, and the effect of the evidence if admitted would be to prove an agreement partly under seal and partly by parol, upon which covenant could not be sustained. A covenant can not be altered by a parol agreement before broken. 1 Chitty Pl., 118 ; *Mc Voy* v. *Wheeler*, 6 Porter, 201 ; *Ford* v. *Campfield*, 6 Halst., 327 ; *Raymond* v. *Fisher*, 6 Misso., 29. Further, the plaintiff did not make the contract which the defendant agreed to guarantee in case it were made, therefore any conversation between them afterwards could not affect the liability of the defendant. But even if the evidence were admissible the variance would still remain. The declaration nowhere alleges that the defendant guaranteed such a modified contract as this. And if admissible it is only as proving a new guaranty by the defendant. But this would need a new consideration, and no evidence is offered of any such.

DUTTON, J. On the trial of this case to the court, the plaintiff in the first place offered in evidence the original guaranty executed by the defendant, and which is set out in full in the declaration. To this the defendant objected, on the ground that there was a fatal variance between it and the declaration. The particular ground of variance is not pointed out, but on the hearing before us it was claimed to be, that the debt specified in the instrument was payable in three years, while the debt alleged to be secured by the mortgage was payable in three years or whenever there should be a failure to pay the interest semi-annually. The court below excluded the evidence. We think this decision was erroneous.

The regular course of pleading requires that the plaintiff · should in his declaration state his case ; that is, he ·should

allege the facts on which he claims a legal right to recover. The defendant may then demur, that is, deny the legal sufficiency of these facts, or deny the facts themselves, or confess and avoid them. These are distinct grounds of defense, and ought not to be mingled or confounded. If he denies the facts alleged in the declaration, he waives for the time being the question of their sufficiency in law. He can not on the trial of this issue take the ground that the facts if true constitute no ground of action. If he wishes to take that ground he should demur, or reserve to himself the right to do it by motion in arrest or writ of error. The simple question to be tried on the general issue is, whether the material facts alleged in the declaration are true. By "material" in this connection is not meant of legal sufficiency, but whether they constitute a part of the plaintiff's case, as he presents it. Whether that case will sustain in law an action or not, can not be considered on a trial to the jury. If a plaintiff, either through his own folly, or the ignorance of his counsel, should sue a defendant in slander for calling him a rascal, and if the defendant, unwilling to admit that he has been guilty even of an insult, should deny the speaking of the words, the court would be bound to take a verdict of the jury on that question, and could not exclude the evidence as constituting no ground of action. If the jury should find for the plaintiff, the defendant could then render the verdict ineffectual by a motion in arrest or a writ of error. Any other course would mar the logical symmetry of common law pleadings. If it should be asked, can a plaintiff prove any fact that he sees fit to allege? We answer, clearly not. The facts which he has a right to prove must be pertinent to his case. Matters that are impertinent or mere surplusage, he will have no right to prove although alleged. If the plaintiff should aver that he was a native of a particular place, or fifty years old, or a white man, or that the defendant was a foreigner, or a colored man, or a burglar, he would have no right to prove these allegations, because they could not under any supposable circumstances add anything to any case which he might present. If such averments are scandalous, the court would on motion order

them to be stricken from the declaration. If they are merely impertinent and immaterial, the court would on objection made or of its own accord refuse to hear the evidence to prove them, as tending to mislead the jury, and taking up the time of the court for no valuable purpose. In the present case there was no variance between the evidence and the allegations in the declaration. It corresponded exactly with that part of it to support which it was offered. The real objection, if there was any, was not to the proof, but to the plaintiff's case as proved. The defendant claims that the evidence shows that the plaintiff took a mortgage, different from that which he guaranteed, and that therefore he, especially as he was a surety, was not bound by the guaranty. If that was so, it is apparent on the face of the declaration, and the objection should have been taken, not to the evidence, but either by demurrer, or, as the case was tried to the court, by objecting to a judgment in favor of the plaintiff on the facts alleged and proved.

The rule that the plaintiff may on the general issue prove all the material allegations contained in the declaration, and that if these are insufficient in law to sustain the case the objection must be taken by demurrer or some similar mode, and not by objection to the evidence, is fully sustained by the authorities. 1 Swift Dig., 737 ; 1 Greenl. Ev., § 51. In *Canterbury* v. *Bennett*, 22 Conn., 623, the defendant, on a trial upon the general issue, asked the superior court to charge the jury that if all the facts set forth in the declaration should be found by them to be true, they constituted in law no reason why the plaintiff should recover, and that their verdict must be for the defendant. But the court refused so to charge, and this court refused to grant a new trial, upon the ground that the proper mode of taking advantage of such a defect in the declaration, is by a demurrer, a motion in arrest or a writ of error. If the court could not direct the jury to disregard the evidence on the ground that it would not constitute a cause of action, it is clear that it could not exclude the evidence for the same cause.

No case has been cited which when carefully scrutinized would lead to a different result. We have been referred to

the case of *Bulkley* v. *Landon*, 2 Conn., 404, and 3 Conn., 76. But an examination of that case will show that no such point was decided. The defendants had given to the plaintiffs an instrument of this form:—" In consideration of your having endorsed the under-mentioned notes drawn by D. T. in your favor, we hereby hold ourselves accountable to you for them in the same manner as though said notes had been drawn by us." The plaintiffs in the first place brought an action alleging that the defendants, in consideration that the plaintiffs would indorse the note, promised, &c., and then offered the instrument to prove this allegation. But the court held that the evidence ought to be excluded for the manifest variance. 2 Conn., 404. On a new trial of the same case the plaintiffs amended the declaration, setting out the instrument, and alleging that the indorsements were made at the request of the defendants. The plaintiffs offered the instrument in evidence and it was excluded. The note of the case and the opinion of Hosmer, J. show the true ground on which it was excluded. The reporter's note is, " Held that such writing was not admissible to prove that such indorsements were made at the request of the defendants or for their benefit." The judge says, p. 31 :—" The writing conduced to prove *none of the facts for which it was offered.* The position most insisted on by the plaintiffs is this, that if they proved the delivery of the guaranty at the time when the notes were indorsed, the writing would be evidence of a request made for that purpose by the defendants. So far from evincing a request made to the plaintiffs to indorse the notes, it expressly purports to have been given in consideration of a precedent indorsement." The whole history of the case, which was litigated with great pertinacity, shows that the defendants had no motive for objecting to the evidence, on the ground that it did not prove the allegation that the defendants made the indorsements, and that they did not object on that ground. The mere proof of that fact would have been of no avail to the plaintiffs and no detriment to the defendants. It was necessary for the plaintiffs to prove further that the indorsements were made at the request of the defendants. Of this they had no proof but

Adams *v.* Way.

the writing itself, and of course it was to the admission of it for this purpose that the defendants objected. This court is never considered as deciding any points but those which are distinctly raised.

Although the plaintiff is entitled to a new trial for the rejection of the testimony, he does not claim it if the court are satisfied from what appears in the case that it would be of no avail to him. We are not satisfied that this would be the result. We are not clear that if the objection made by the defendant could have been properly taken, it would have prevailed. There are several expressions in the instrument given by the defendant, from which it may perhaps be inferred that it was drawn up with reference to the mortgage in question, as a document already prepared and agreed to by the defendant.

It speaks of certain charges and liabilities "which are agreed to be paid in and by said mortgage," of costs and charges " agreed to be paid in and by said mortgage," and of costs and expenses in the collection of the debt "as agreed in and by said mortgage to be paid." If then the guaranty was drawn up with reference, and if it refers in terms, to an existing writing, which is to be executed as a mortgage, the two ought to be construed together. There is no irreconcilable discrepancy between them. One speaks of the debt as payable in three years with interest semi-annually. The other of a debt payable in three years with the interest payable semi-annually, with the right to foreclose the mortgage, in the same manner as if the principal had been made payable, on a failure to pay the interest. Both speak of the debt as being in terms payable in three years. If the two instruments are to be construed together we see no objection to the proceedings on the part of the plaintiff.

The plaintiff offered in connection with the guaranty parol evidence to show that the defendant requested the plaintiff to institute proceedings for the foreclosure of the mortgage, and that the plaintiff complied with this request. This evidence was objected to and the court excluded it.

We do not consider it necessary to examine the question

whether this evidence was properly excluded, taking the declaration as it stands. But we think that the declaration at all events could be so amended as to make this evidence admissible. We assent fully to the doctrine, that if a man guarantees the debt of a third person payable at a particular time, a change in the time of payment, whether for a longer or shorter period, made by the debtor and creditor, without the consent of the guarantor, would discharge the guaranty. But it could not be tolerated for a moment that if the change was made with the full knowledge and consent of the guarantor, he could take advantage of it to avoid his contract. The evidence offered by the plaintiff tended to show that the defendant assented to the mortgage that was in fact given, as the one which was to be given, and not only so, but that he induced the plaintiff to pursue measures and incur expenses, on the ground that it was such a mortgage, which he might not otherwise have done. Surely the doctrines of waiver and estoppel are broad enough to cover such a state of facts as this. If the facts of such assent and of such request should be alleged in the declaration, we do not see how the evidence offered could be rejected. We see no reason therefore why the plaintiff should not have another opportunity to maintain his case if he can.

We therefore advise a new trial.

In this opinion the other judges concurred; except PARK, J., who dissented.