New-Haven,
June,
1819.

## Bulkley and others *against* Landon and others.

June 24·

In an action of *assumpsit*, to recover money paid on certain endorsements by the plaintiffs, at the request and for the benefit of the defendants, the plaintiffs offered in evidence a writing, addressed to them, signed by the defendants, in these words ; " In consideration of your having endorsed the undermentioned notes, drawn by *D. T.* in your favour, we hereby hold ourselves accountable to you for them, in the same manner as though said notes were drawn by us." Held, that such writing was not admissible to prove, that such endorsements were made at the request of the defendants, or for their benefit.

Where the admissions of one of two co-partners, who were plaintiffs in the suit, had been given in evidence, it was held to be incompetent for the adverse party to shew, for the purpose of diminishing the weig ht of such admissions, that the person making them, had previously assigned his interest in the subject of the suit to his co-partner, and was a bankrupt.

THE plaintiffs, as late merchants in company, under the firm of *Bulkley, Someryndike* & Co., brought an action of *assumpsit* against the defendants, as surviving partners of the late firm of *Smith, Taylor* & Co., consisting of the defendants and *David Taylor*, deceased, to recover the balance of a sum of money, which the plaintiffs had been compelled to pay in consequence of their having endorsed several promissory notes, at the request, and for the benefit of *Smith, Taylor* & Co. There were several counts, one of which was special, and was as follows : " That at the city of *New-York*, on the 19th of *August*, 1814, the said *David Taylor*, then in full life, at a certain auction, held in said city, by *Hone & Town*, auctioneers, did bid off and purhcase of them, certain goods, to the amount of 9519 dollars, 28 cents, and left the same in their possession, at their auction rooms in said city, and on the same day, made four promissory notes, one payable at 60 days, for 1105 dollars, 76 cents, one at 60 days, for 3653 dollars, 88 cents, one at 90 days, for 1105 dollars, 76 cents, and one at 90 days, for 3653 dollars, 88 cents, each being made payable to the plaintiffs or order; that said *David Taylor* retaintained said notes in his possession, until the 27th day of the same month, when he proposed to the firm of *Smith, Taylor &* Co., that they should take the said goods for their joint and common property, as merchants in company, and should take the said notes, and procure the plaintiffs to endorse the same, that they might be turned out to said *Hone & Town*, in payment of the goods purchased as aforesaid ; that thereupon,

said *Smith, Taylor* & Co. accepted said proposals, and took said four notes, and requested the plaintiffs to endorse the same, with the name of their aforesaid firm of *Bulkley, Someryndike* & Co., and to induce the plaintiffs to do the same, they then offered to the plaintiffs, on such endorsement being made, to execute and deliver to the plaintiffs a certain writing of the tenor following, *viz.* " *New-York, August* 27th, 1814. Messrs. *Bulkley, Someryndike* & Co.—In consideration of your having endorsed the undermentioned notes, drawn by *David Taylor*, in your favour, we hereby hold ourselves accountable to you for them, in the same manner as though said notes were drawn by us. *Smith, Taylor* & Co. Note 19th *August*, 1814, 60 days, $1105 76.—19th *August*, 1814, 60 days, $3653 88.— 19th *August*, 1814, 90 days, $1105 76.—19th *August*, 1814, 90 days, $3653 88.—making $9519 28." And thereupon, at the special instance and request of the said *Smith, Taylor* & Co., the plaintiffs did endorse said notes respectively, and said *Smith, Taylor* & Co., thereupon made and delivered to the plaintiffs a writing of the tenor aforesaid, signed by them as aforesaid. And afterwards, on the same 27th day of *August*, 1814, said *Smith, Taylor* & Co. delivered said notes, so endorsed, to said *Hone* & *Town*, in payment of said goods, and thereupon took said goods, and disposed of them to their own use. And afterwards, when the said notes respectively fell due, demand of payment thereof was duly made of the said *David Taylor*, then in full life, who wholly refused to pay the same, whereof due protest and notice were made and given; and the plaintiffs, by virtue of their endorsements, were compelled to pay, and did pay the same, amounting to 9519 dollars, 28 cents; of all of which the said *Smith, Taylor* & Co. had due notice."

Another count was general *indebitatus assumpsit* for money paid, laid out and expended, at the special instance and request of the defendants, to and for their use.

On the trial, the plaintiffs claimed to recover the balance due on two of the notes specified in the declaration; which was the only matter in controversy between the parties. The defendants admitted the existence of their partnership, and the making and endorsement of the notes, as stated in the declaration. The plaintiffs proved, that on the 19th of *August*, 1814, *Taylor*, on his individual and separate account, bought at auction, of *Hone* & *Town*, in the city of *New-York*, a quan-

*New-Haven,*
*June,*
*1819.*

Bulkley
*v.*
Landon.

tity of goods to the amount of nearly 10,000 dollars, for which he was to give them his own notes, *viz.* two for 3653 dollars, 88 cents, each, one payable in sixty and the other in ninety days, and two for 1105 dollars, 76 cents, each, one payable in sixty and the other in ninety days, with two approved endorsers to each. Finding he could not obtain such endorsers, *Taylor* applied to *Smith, Taylor & Co.,* while the goods were lying at the auction rooms, and desired them to assume the purchase, fulfil the conditions, and take the goods for the use of the company ; which they agreed to do. In pursuance of the terms of sale, *Smith, Taylor & Co.* took *Taylor's* notes, payable to the plaintiffs, and applied to the plaintiffs, with whom they had long been in the habit of exchanging paper, and also to *Ogden & Harrison,* merchants in *New-York,* to endorse such notes ; which they respectively did, on *Smith, Taylor & Co.'s* giving them respectively, a writing of the tenor described in the declaration. The defendants, admitting the execution of the writing, objected to the admission of it in evidence ; and the court excluded it.

The defendants claimed, that the demand of the plaintiffs had been paid to them ; and to prove such payment, offered evidence to shew, that *George W. Someryndike,* one of the plaintiffs, at *Poughkeepsie,* on the 2nd day of *June,* 1818, confessed, that it was made by the defendants, in the city of *New-York,* on the 27th day of *March,* 1817. The plaintiffs stated, that *Someryndike* had no interest in the matter in dispute, nor any knowledge of it ; and that such confession was obtained by collusion, and was false. In support of this statement, they offered evidence to prove, that on the dissolution of their partnership, *viz.* at *New-York,* on the 14th day of *October,* 1815, *Someryndike* assigned to *Bulkley* all right and title to the demand in controversy, which still belonged to him alone ; so that *Someryndike* never had any interest in this suit, being only nominal plaintiff ; and that long before he made the confession, he had become, and then was, a bankrupt ; and therefore, his confession ought to have little or no weight as evidence. To the admission of the evidence thus offered by the plaintiffs, the defendants objected ; and the court excluded it as irrelevant. The defendants having obtained a verdict, the plaintiffs moved for a new trial, on the ground that the evidence offered by them, was improperly rejected. The court reserved the motion.

*Sherman* and *Staples*, in support of the motion, contended, 1 That the written guaranty of the defendants was improperly rejected. It ought to have been received, first, because it constituted a part of the plaintiffs' case ; and they were bound to prove it. Secondly, because it shewed a consideration for the promise immediately connected with it. Every consideration necessarily *precedes* the act which is founded upon it ; but if it is part of the *same transaction*, it is not a *past* consideration. Here the delivery of the guaranty by the defendants, and the endorsement by the plaintiffs, were parts of the same transaction, and were as nearly concomitant, as, from the nature of the acts, it was possible they should be. Thirdly, because the writing was evidence of a *request* on the part of the defendants, to make the endorsement. Fourthly, because the writing contained an express recognition of indebtedness ; and was, therefore, proper evidence to support the general counts.

2. That evidence of the situation and circumstances, in which the admissions of *Someryndike* were made, ought to have been received. First, it is inconsistent with the protection, which the law gives to the rights of assignees, that the admissions of the assignor, made after the assignment, should be allowed to defeat those rights. *Legh* v. *Legh*, 1 *Bos. & Pull*. 447. *Andrews* v. *Beecher*, 1 *Johns. Ca*. 411. *Wardell* v. *Eden*, 2 *Johns. Ca*. 121. *Van Vechten* v. *Graves*, 4 *Johns. Rep*. 403. *Littlefield* v. *Storey*, 3 *Johns. Rep*. 425. *Boylston* v. *Greene*, 8 *Mass. Rep*. 4656. *Danes* v. *Boylston*, 9 *Mass. Rep*. 337. Secondly, want of interest in the party whose admissions are proved, is a fact proper for the consideration of the jury, in estimating the *weight* of those admissions. Why is this kind of evidence, consisting of declarations *not under oath*, received at all ? Because it implies the surrender of *a right*. Why is such evidence credited ? Because the *opposing interest* of the party precludes all inducement to fabricate it. In *Howard* v. *Cobb*, 3 *Day* 309. the court admitted the declarations of *Stanley*, a party to the cause of action, but not to the suit, solely on the ground of his interest. So in *Grant* v. *Jackson*, *Peake's Ca*. 203. the admissions of one *Hesenclever*, who was a defendant, but having pleaded his discharge, under a commission of bankruptcy, the plaintiff had entered a *nolle prosequi* as to him, were received by Lord *Kenyon*, on the ground that such admissions were made while he had an interest. Now, when this evidence derives its es-

*New-Haven,*
*June,*
1819.

*Bulkley*
*v.*
*Landon.*

sential character as evidence—all its title to respect, and all its weight—from interest, may not the jury see what that interest is? In the *The King* v. *Hardwick,* 11 *East* 578. 586. where the admissions of a party were received, Lord *Ellenborough* said, " It cannot be questioned that the declarations of the parties to a suit are evidence against them; but what credit is due to such evidence, is another consideration. It will be more or less weighty according to the party's means of knowledge, the genuineness of the declaration, and other circumstances. A declaration, made by such a party, loosely, and without competent grounds of the knowledge of the fact, would not be entitled to weight. The credibility of such evidence is quite a different question from its competency; and it is always open to contradiction, like other evidence."— Thirdly, that part of the evidence in question, which went to shew *collusion* in making and obtaining the admissions of *Someryndike,* ought, at any rate, to have been received. The eye of the law will always pierce fraud. In *Bauerman & al.* v. *Radenius,* 7 *Term Rep.* 662. Lord *Kenyon* remarked, as the foundation of the opinion which he was about to give, that the admission was not *fraudulently obtained.*

*Daggett* and *N. Smith,* contra, contended, 1. That the writing offered in evidence, by the plaintiffs, did not conduce to prove either a previous request, or that the goods went to the benefit of the defendants. On this point, the former case between these parties, (*Bulkley & al.* v. *Landon & al.* 2 *Conn. Rep.* 404.) where the declaration was substantially like the present, and the same writing was offered in evidence, for the same purpose, must be decisive.

2. That the evidence offered by the plaintiffs, regarding the admissions of *Someryndike,* was properly excluded. The same legal interest in the plaintiff on record, which enables him to control the suit, enables him, also, to confess away his right of recovery. Though the plaintiffs *stated,* that the admissions of *Someryndike* were false, and obtained by collusion; as well as that he had assigned his interest, and was a bankrupt; yet they *offered evidence* of the two latter facts only. First, the *assignment* of *Someryndike* could not affect his admissions; because they derive all their efficacy from his character *as party,* and *that* is not changed by such assignment. When *Bulkley* and *Someryndike* come before the court as joint plain-

tiffs, they do not stand in the relation of assignee and assignor. Secondly, the *bankruptcy* of *Someryndike* could not affect his admissions, for a similar reason, and because it is an adventitious circumstance, which is never permitted to operate upon any kind of evidence. To receive it, would lead to an endless enquiry. If one party may shew, that the person making admissions is a bankrupt ; the other party may repel that evidence, by proving his incorruptible integrity, &c. If one co-partner makes an admission, can his proportion of the joint interest be shewn, in order to enhance or diminish the weight of that admission ? In *Howard* v. *Cobb*, and *Grant* v. *Jackson*, the enquiry was, whether the person whose declarations were offered, was *a party in interest ;* and it was with reference to that point solely, that the observations regarding interest were made. No such question as the present was agitated.

*New-Haven,*
June,
1819.

Bulkley
*v.*
Landon.

HOSMER, Ch. J. Two objections have been made to the decision of the superior court. The first affirms, that the guaranty of *Smith, Taylor & Co.*, ought to have been received in evidence. It is sufficient to say, that every material question on this point was fully considered and determined against the plaintiffs, when this case was before the Supreme Court, on a former occasion.(a) The writing conduced to prove none of the facts for which it was offered. The position most insisted on, by the plaintiffs, is this ; that if they proved the delivery of the guaranty, *at the time* when the notes were endorsed, it would be evidence of a request, made for that purpose, by *Smith, Taylor & Co.* Waiving the decisive objection, that the facts appearing on the motion do not present this question, it is a conclusive reply, that the guaranty has no tendency to support the proposition advanced. So far from evincing a request made to the plaintiffs to endorse the notes, it expressly purports to have been given in consideration of a precedent endorsement.

This action was brought by *G. W. Someryndike* and others. The defendant exhibited testimony of his admissions that the plaintiffs' demand had been paid. To destroy their effect, the plaintiffs offered evidence to prove, that, before they were made, *Someryndike* had become a bankrupt, and had assigned the above debt to his partner, *John Bulkley*, thereby divesting

(a) 2 *Conn. Rep.* 404.

*New-Haven,*
June,
1819.

*Bulkley*
*v.*
*Landon.*

himself of all interest.   The offered testimony was rejected; and the supposed error of this decision constitutes the second objection.   This exception proceeds on the ground, that, after the assignment, the assignor had no interest in the demand. Whether there was a warranty, expressed or implied, does not appear; one fact, however, is extremely apparent, that *Someryndike* had an interest in speaking the truth.   If, by false declarations made, he should frustrate the effect of the assignment, he would be liable to his assignee for the damage. This, however, is not the foundation of my opinion.   *G. W. Someryndike* is a party, invested with the legal interest of the demand in suit.   As plaintiff, the action and demand are under his control; the former he may withdraw; the latter he may release.   The assignee has an equitable interest in the debt; and after notice of the assignment, he may bring his suit at law against his assignor, or against the debtor, if he is defeated by the act of either, in the collection of the original demand.   *Coleman* v. *Wolcott,* 4 *Day* 6. *Wolcott* v. *Coleman,* in error, 2 *Conn. Rep.* 324.   But so long as it remains unextinguished, he must sue in the name of the person with whom the contract was originally made.   The principle that a chose in action cannot be assigned, so far, at least, as respects the remedy, holds good in every case, unless in respect of negotiable notes, or bills of exchange.   Whether there is use or convenience in preserving the shadow, when the substance is gone, (*Masters & al.* v. *Miller,* 4 *Term Rep.* 341.) does not remain a question, on which we are at liberty to decide.   By a current of uniform decisions, it has (in this state) been firmly established, in reference to notes not negotiable, that suits upon them, even after assignment, must be brought in the names of the promisees; and that, so far as relates to the control of them, they are the party plaintiffs.   To contravene a principle so well settled would be in direct hostility with the salutary maxim of *Stare decisis,* and, if pursued, would leave no other law than the discretion of the judge.

By the law of *Westminster-Hall,* you may, for some purposes, look from the record, and see who is beneficially interested; (*Winch.* v. *Keeley,* 1 *Term Rep.* 619.) but never to determine, that the person in whose name the suit is pursued, is not a party.   *Bauerman & al.* v. *Radenius,* 7 *Term Rep.* 663.   In the case last cited, the admissions of the plaintiff on record were received in evidence to defeat the action, although he was

*New-Haven,*
June,
1819.

Bulkley
*v.*
Landon.

merely a trustee for a third person. "I take it to be an in-controvertible rule, said Lord *Kenyon,* that the admission made by a plaintiff on the record, is admissible evidence." And by *Grose,* J., "As long as *Bauerman* & Co. are plaintiffs on the record, they must be taken to be so in all their consequences." To the objection that the interest was not in the plaintiffs, *Lawrence,* J. remarked, "It must be considered that they have an interest in order to support the action; and if they have, an admission made by them, that they have no cause of action, is admissible evidence." Vide *The King* v. *Hardwick,* 11 *East,* 583. *Phill. Evidence,* 72. To the same effect is the case of *Craib* & *wife* v. *D'Aeth,* 7 *Term Rep.* 670., in which the defendant, at the trial, gave in evidence an affidavit of *W. Craib,* the plaintiff on record, sworn to by him after he had assigned the bond in suit, in which were stated the facts relied on by the defendant. On arguing an objection to the admissibility of this evidence, the court said, "It was too clear to be argued; and that there would be no question but that any thing said or sworn by the plaintiffs on the record, must be evidence for the defendant."

I shall not attempt to reconcile the principle of those determinations with the one adopted by the court of Common Pleas, in the case of *Legh* v. *Legh,* 1 *Bos.* & *Pul.* 447. This was an action on an assigned bond, brought in the name of the obligees. The defendant pleaded a release from the plaintiff on the record, given *after* the assignment; and the court would not allow him to avail himself of his plea. I am not disposed to say, that a court of chancery would not afford precisely the relief given in this case. It is sufficient for me to observe, that the authority exercised is unknown to our practice, and in opposition to principles well established.

In the state of *New-York,* a release from the obligee, after the assignment of a bond with notice, is considered a nullity, even where the action is brought in the name of the releasor. *Andrews* v. *Beecker,* 1 *Johns. Cas.* 411. *Wardell* v. *Eden,* 1 *Johns. Rep.* 531. *n.* (*a.*) *Littlefield* v. *Storey,* 3 *Johns. Rep.* 421. This is not the law of *Connecticut;* and it will merit great consideration, before such a principle, even by a court *unshackled* by precedent, shall be recognised. The rights of the assignee of a chose in action ought to be protected; but this should be done in conformity with other well established principles. Whether it has been done in the decisions alluded

*New-Haven,*
June,
1819.

Bulkley
*v.*
Landon.

to, would be an interesting enquiry, if it could have any practical bearing on the case before us.

The testimony offered has not been pressed to the extent, to which, if well founded, it ought to be carried. If *Someryndike,* although a party, has no interest, and the reception of his declarations depends on that principle, he should have been ruled out as inadmissible. The fallacy of the objection consists in this; that in a court of law, so far as relates to the prosecution of the suit, the party must be considered as having an interest : For, if he has no interest, why should he have an action ?

The other Judges were of the same opinion.

New trial not to be granted.