## PEABODY *against* HARVEY.

The defendant, being the indorser of a promissory note, made by *A.* payable to *B.*, and by *B.* assigned to the plaintiff, but being discharged from his liability as indorser, by the laches of the plaintiff, applied to the plaintiff for forbearance of suit against *A.* and in consideration of such forbearance, promised the plaintiff, by parol, to pay such note: Held, that this promise was within the statute of Frauds and Perjuries.

The defendant, having in his possession a promissory note, given by *A.* to *B.*, which *B.* had directed him to collect and pay over to his creditors, promised the plaintiff, in consideration of forbearance of suit on another note against *B.*, to pay the money so to be collected to the plaintiff, one of *B.*'s creditors. After this promise, and before the money was collected, *B.* directed the defendant to pay it to *C.*, another of *B.*'s creditors; to whom the defendant, when he had collected the money, accordingly paid it. In an action for money had and received to the plaintiff's use, it was held, that the authority given by *B.* to the defendant, not being coupled with an interest, was revocable, and having been actually revoked before the money came into the defendant's hands, it was then the money of *B.*; and that, of course, the plaintiff was not entitled to recover; his only remedy being an action against the defendant on his express promise.

This was an action of *assumpsit*. The declaration consisted of three counts. In the first, the plaintiff averred, " That on the 1st of *August*, 1819, one *Augustus Bushnell* was indebted to the plaintiff in several sums of money, amounting to 250 dollars, at that time due and payable; and thereupon the defendant, on said 1st day of *August*, in consideration of the premises, and that the plaintiff, at his the defendant's special instance and request, would forbear and give day of payment

*Windham,*
*July,*
*1821.*

*Peabody*
*v.*
*Harvey.*

to the said *Bushnell* of the said sum of 250 dollars, or such sum as the said *Bushnell* was indebted to the plaintiff, until a reasonable time thereafter, *viz.* until the 20th day of *September* then next, the defendant undertook, and faithfully promised the plaintiff, to pay to him said sum of 250 dollars, or such sum as the said *Bushnell* was indebted to the plaintiff." In the second count, after the same preceding allegations as in the first, the undertaking of the defendant was thus stated : " The defendant undertook and faithfully promised the plaintiff, that he would become sponsor for said debts, due from said *Bushnell* to the plaintiff, and guaranty the payment thereof to the plaintiff, on or about the said 20th day of *September* then next." The third count was for money had and received of one *Leverett Bissell* to the plaintiff's use.

The cause was tried at *Brooklyn, January* term, 1821, before *Brainard,* J.

The plaintiff adduced in evidence a promissory note, made by *Bushnell,* payable to *William Huntington,* on the 1st of *April,* 1819, which was endorsed in blank by the defendant, and had been assigned, by *Huntington,* to the plaintiff, for a valuable consideration. The plaintiff then introduced parol evidence to prove, that on the 1st of *August,* 1819, the defendant came to the plaintiff, and enquired of him the amount due on such note ; and, on the plaintiff's informing him, that there was due on this and one other note in favour of the plaintiff, against *Bushnell,* about 150 dollars, and that he should immediately put both notes in suit against *Bushnell,* the defendant requested the plaintiff to forbear putting them in suit, and then said, " I am endorser on *Huntington's* note, and you have my name on it ; if you will forbear putting the notes in suit, I will stand endorser on that note until paid ; I will pay you that note in ten days, or in a fortnight, or in three weeks at farthest." The plaintiff proved, that he thereupon agreed to forbear, and did in fact forbear, to put such notes in suit, until the 20th of *September* then next ; and that *Bushnell* wholly failed to make payment. On these facts the defendant claimed, that he was not liable on either count in the declaration, on the ground, that the agreement with the plaintiff was within the statute of Frauds and Perjuries. The plaintiff, on his part, claimed, that the recognition of the defendant, that he was endorser on the note, and his engagement to stand endorser, and to pay it, in consideration of forbearance on the part of the plaintiff, amounted to a new endorsement

of the note, or to an authority to the plaintiff to write over the name of the defendant a contract according to the fact ; and that he was entitled to shew, by parol proof, what that was.

The plaintiff also introduced evidence to prove, that the defendant, at the same time, had in his hands a promissory note, for about 80 dollars, in favour of *Bushnell,* against one *Leverett Bissell,* which *Bushnell* had previously directed him to collect, and pay to his creditors ; and that the defendant, then, in consideration that the plaintiff would forbear to put the first-mentioned note in suit, until *Bissell* should pay his note, which would be within three weeks at farthest, promised to pay the money to the plaintiff. The plaintiff further proved, that he accordingly forbore to put said note in suit ; and that *Bissell,* on the 10th of *September,* paid his note to the defendant. The plaintiff, therefore, claimed, that the defendant was liable for the money, on the third count. The defendant, on his part, introduced evidence to shew, that after his promise to the plaintiff, and before *Bissell* paid the money, *Bushnell* directed him to pay it to one *Hyde,* another creditor ; to whom he accordingly paid it. On this ground he claimed, that he was not liable.

In relation to the note in favour of the plaintiff against *Bushnell,* the Judge charged the jury, that the defendant, being, in a legal sense, a total stranger to it, whatever he might have said or promised concerning it, not being in writing, must be laid out of the question, as being clearly within the statute of Frauds and Perjuries.

With regard to the note given by *Bushnell* to *Huntington,* and afterwards indorsed by the defendant, the Judge instructed the jury, that this note having been suffered to lie, without suit, from the 1st of *April,* the defendant, at the time of the promise relied on, was discharged from his indorsement, and was, in a legal sense, as much a stranger to such note, as to the other ; that the original nature and character of the indorsement could not be altered, but by a special contract in writing ; that, of course, whatever promise the defendant might have made in relation to this note, as well as to the other, not being in writing, is also within the statute of Frauds and Perjuries, and no recovery can be had upon it.

As to the third count, the charge was as follows : " If you find, that the defendant promised the plaintiff, that when he received the money of *Bissell,* he would pay it over to the plaintiff, on account of the debts he held against *Bushnell ;*

*Windham,* and that the plaintiff accepted and relied on this promise, and
July,
1821.
did not afterwards waive or rescind it ; and if you find, that
at the time the defendant received the money, he had author-
Peabody
*v.*
Harvey.
ity or direction from *Bushnell* to pay it over to the plaintiff,
and did not ; you will find, that the defendant did assume,
&c. ; otherwise, you will find, that he did not assume," &c.

The jury having returned a verdict for the defendant, the
plaintiff moved for a new trial, on the ground of a misdi-
rection.

*Cleaveland,* in support of the motion.

*Goddard* and *C. Perkins,* contra.

Hosmer, Ch. J.    In the first count of the declaration, it is
averred, that, in consideration that the plaintiff would forbear
and give day of payment to one *Bushnell,* for a reasonable
time, the defendant would pay to him the sum, in which *Bush-
nell* was indebted.    And in the second count there are the
same allegations, with this difference only, that instead of a
promise to pay, the allegation is, of a promise to guaranty the
payment.

To prove these allegations, the plaintiff adduced in evi-
dence a note, given by *Bushnell,* to one *Huntington,* and by
him assigned to the plaintiff, with the defendant's indorsement
thereon ; but from which, by the plaintiff's laches, the obli-
gation of the defendant, as indorser, had become extinguish-
ed ; and another note, executed by *Bushnell* to the plaintiff,
to which the defendant never was a party.    Superadded to
this, the plaintiff exhibited parol evidence, by which he claims
to have proved the promises by him alleged.    These promis-
es for the debt of another person, not being in writing, are,
undoubtedly, within the statute of Frauds and Perjuries.
*King* v. *Wilson,* 2 *Stra.* 873.    *Bul. N. P.* 281.    *Fish* v. *Hutch-
inson,* 2 *Wils.* 94.    1 *Saund.* 211. *a.* *Sears* v. *Brink,* 3 *Johns.
Rep.* 211.    A promise on a *new* consideration rests on differ-
ent principles, and has never been sustained on the forbear-
ance of a demand against a debtor.

It has been insisted, that a parol promise subsequent may
be attached to a precedent indorsement, and the contract be
considered to be in writing ; but this is merely a fiction,—a
creature of the imagination only.    A verbal promise, by an
ingenious subtility of this sort, cannot be invested with a new

# OF THE STATE OF CONNECTICUT. 123

nature ; it remains a verbal promise still ; and is equally embraced by the letter and spirit of the statute of Frauds and Perjuries. It is too late to bring back to correct principles the construction of this beneficial law, with which indefensible liberties have been taken, at least, so far as the exposition of it has been established ; but not being of the opinion, that it is meritorious to evade it, by refined devices, I shall anxiously resist every novelty, which tends to undermine it.

The third count in the plaintiff's declaration, is for money had and received, by the defendant, to his use, of one *Leverett Bissell.* To sustain this count, the plaintiff claimed to have proved, that the defendant had in possession a promissory note, given by *Bissell* to one *Bushnell ;* which *Bushnell* had directed him to collect and pay to his creditors ; after which, on the consideration expressed in the declaration, the defendant promised to pay the money, when collected, to the plaintiff. By way of defence for the non-performance of this promise, the defendant claimed to have proved, that before the money was collected of *Bissell,* he was commanded, by *Bushnell,* to make payment of it to one *Hyde,* which, accordingly, he had done.

It has not been disputed, that an action against the defendant is sustainable, on his express promise ; and this, in my opinion, is the plaintiff's only remedy. Had there been no revocation, by *Bushnell,* of the authority originally given ; when the money was collected of *Bissell,* the defendant would have held it in trust for *Bushnell's* creditors. It was not in the defendant's power, by his contract, to confer on the plaintiff a specific right to the money in question, as it was not his, either to enjoy or dispose of ; and without this specific claim the action for money had and received cannot be supported.

The authority given by *Bushnell,* was unquestionably revocable ; and having been actually revoked, when the money came into the defendant's hands, it was the money of *Bushnell.* That such authority had been given, appears not to have been known by *Bushnell's* creditors ; and on their part, there was neither consideration nor assent ; nor were they under any obligation to suspend their demands, or receive the money : The power imparted, by *Bushnell,* to the defendant, was naked, without interest, and therefore revocable. Had the power been coupled with an interest, it would have been irrevocable. These principles are familiar,

*Windham,*
*July,*
*1821.*

*Peabody*
*v.*
*Harvey.*

and too well established to be the subject of controversy. *But-ler's* note to *Co. Litt.* 342. *b. Bergen & al. v. Bennett,* 1 *Caines' Ca. in Er.* 1. 15. *Jackson* d. *Henderson* v. *Davenport,* 18 *Johns. Rep.* 295. If a bill had been drawn, by *Bushnell,* on the defendant, in favour of his creditors, for value received, in which he had directed the defendant to pay the money to them, when collected, and the defendant had accepted it, it would have amounted to an equitable assignment of the pro-perty. *Powel* v. *Gordon,* 2 *Esp. Rep.* 735. *Green* v. *Scott,* 1 *Ves. jun.* 282. *Row* v. *Dawson,* 1 *Ves.* 331. *Peyton* v. *Hal-lett,* 1 *Caines* 364. *McMenomy* & al. v. *Ferrers,* 3 *Johns. Rep.* 72. But a mere gratuitous direction to an agent to col-lect and pay a sum of money, is no equitable assignment of the property, nor an authority coupled with an interest, but is a purpose just as revocable, as if the principal had formed a similar determination, for the regulation of his own conduct. *Quacunque via data,* then, the plaintiff had no claim on the money collected of *Bissell.*

PETERS, CHAPMAN and BRAINARD, Js. were of the same opinion.

BRISTOL, J. thought, that the power given by *Bushnell* to the defendant to pay over the money to the plaintiff, could not be countermanded, so as to defeat the plaintiff's right.— In other respects, he concurred in the opinion delivered by the Chief Justice.

New trial not to be granted.