MANSFIELD *against* MANSFIELD and others :

IN ERROR.

A decision of the superior court, on motion of counsel to appear for a party, against the right to appear, on the ground of a revocation of authority, is not the subject of error ; the matter assigned not appearing from the records of the court.

A power or authority coupled with an interest, is, generally irrevocable.

To constitute a power coupled with an interest, the person clothed with it, must derive, under the instrument creating it, or otherwise, a present or future interest in the subject itself, on which the power is to be exercised, and not merely in that which is produced by the exercise of the power.

A power to sell and convey, is a naked power, and revocable.

Therefore, where *A.*, in consideration of her indebtedness to *B.*, executed a power of attorney to *B.*, authorizing him to prosecute and obtain her claim for dower in the estate of her deceased husband ; to sell and convey, in her name, her interest in such lands as should be set out to her as dower ; and after paying himself all that was due to him, to account with her for the balance ; it was held, that this was a naked power, not coupled with an interest, which was, therefore, revocable.

In this state, a person who has given a power coupled with an interest, may revoke it, so far as to controul a suit, in his name, founded on the subject of the power.

This was an appeal from a decree of the court of probate for *New-Haven* district, passed on the 22d of *March*, 1826 ; *Thirza Mansfield*, the widow of *Joel Mansfield*, deceased, being appellant, and the heirs of said *Joel Mansfield*, appellees. *Samuel J. Hitchcock* and *Ralph I. Ingersoll*, Esqrs., as attornies of the appellant, appeared to prosecute the appeal, and shewed to the court the following power of attorney : " Know all these men, by these presents, That I, *Thirza Mansfield* of *North-Ha-*

ven, do constitute and appoint *Samuel J. Hitchcock* and *Ralph I. Ingersoll*, both of N w-Haven, in consideration of my indebtedness to them, by my two notes of this date, payable to them severally, on demand, for 100 dollars, each, my true and lawful attorney, jointly and severally, for me and in my behalf, to obtain, sue for and prosecute, and settle and discharge, and finally adjust, all such claim or claims as I have upon the estate of my late husband, *Joel Mansfield*, deceased, for my dower in his real and personal property; hereby ratifying and confirming all and singular the acts by them, or either of them, done, or to be done, in the premises, whether before the court of probate for *New-Haven* district, or in any other court, or in any other manner; and they, or either of them, are hereby authorized to sell and convey, by good and valid conveyance, in my name, all such lands, tenements and hereditaments as I now own, and also all such as I have, or may have, set out to me as my dower in said real estate of my said deceased husband; and after paying themselves all dues to them, or either of them, or to *Seth P. Staples*, Esq., and all expenses, to account with me for the balance, if any, in their hands; and they, or either of them, are also hereby authorized and empowered to prosecute, for my benefit, any breaches of the probate bond of the administrator of said *Joel Mansfield*, or any other causes of action, which I have, or ought to have, against the said administrator, or any other person. ,

In witness whereof, I have hereunto set my hand and seal, this 8th day of *June*, 1825.        *Thirza Mansfield.*" [L. S.]

This instrument was acknowledged before a justice of the peace, and recorded in the records of *North-Haven.*

On the 31st of *March*, 1827, Mrs. *Mansfield* gave a power of attorney to *William W. Boardman,* Esq. authorizing him to take the care and management of all actions, suits or appeals then depending in any court, especially the appeal in question then depending in the superior court; and revoking all powers of attorney, previously given for the conduct and management of such appeal.

By virtue of this power, Mr. *Boardman* appeared in the superior court, at an adjourned term in *April*, 1827, and moved to withdraw the appeal.

Upon these conflicting claims, the court, finding the power of Mr. *Boardman* to have been executed subsequently to the power of Messrs. *Hitchcock* and *Ingersoll*, allowed the motion

of the former, and ordered the appeal to be withdrawn.     On
motion in error, under the statute, Messrs. *Hitchcock* and *Inger-
soll*, as the attornies of Mrs. *Mansfield*, then brought the case
before this Court for revision.

*Ingersoll* and *Hitchcock*, in support of the right claimed by
them, contended, that this power was given as security for a
debt due to them from Mrs. *Mansfield ;* that being so given, it
was coupled with an interest ; and that it was, therefore, irre-
vocable.     They cited *Walsh* v. *Whitcomb,* 2 *Esp. Rep.* 565.
*Raymond* v. *Squire,* 11 *Johns. Rep.* 47.   *Anderson* & al. v. *Van
Alen,* 12 *Johns. Rep.* 343.     *Grim* & al. v. *Cadwell,* 5 *Cowen*
489.   *Hunt* v. *Rousmanier's* admrs. 8 *Wheat. Rep.* 174.

*N. Smith* and *W. W. Boardman,* contra, contended, 1.   That
a writ of error would not lie, in this case.     First, the facts ne-
cessary to raise the question, do not properly appear upon the
record.   The powers produced were merely *evidence.*   This
has not been placed upon the record, in any legal mode.   Sec-
ondly, the point determined was a matter of *discretion* only,
which this Court will not attempt to revise.

2. That the decision of the  superior court was correct.
First, the case does not shew a vested interest in *Hitchcock* and
*Ingersoll.*   There was no actual assignment.   It was an unex-
ecuted power relative to a freehold interest ;  not an assign-
ment of that interest.     *Peabody* v. *Harvey,* 4 *Conn. Rep.* 119.
*Hunt* v. *Rousmanier's* admrs. 8 *Wheat. Rep.* 174. 204—7.
Secondly, in *Connecticut,* the party on record can controul the
suit, even after he has assigned the subject of the suit.   1
*Swift's Dig.* 437.   *Bulkley* & al. v. *Landon* & al.  3 *Conn. Rep.*
76.   A blank indorsement of a note not negotiable, contains a
power of attorney, with a vested interest, and certain cove-
nants ; yet the assignor can withdraw or discharge a suit in his
name against the maker.

Hosmer, Ch. J.   Jurisdiction is vested in this Court of all
matters brought here, by way of error, from the judgments or
decrees of any  superior court, wherein the rules of law or
principles of equity, *appear from the files, records or exhibits of
said court* to have been  mistakenly  or  erroneously  adjudged
and determined;  (*Stat.* 137.)  but in this case, from the files,
records and exhibits of said court, no error is apparent.    The

*Mansfield
v.
Mansfield.*

powers of attorney appear from the finding of the judge, and not from the records of the court, and the enquiry raised is as collateral to the record, as if facts had been found to try the question whether testimony had been unduly admitted.

I have been led to notice this irregularity, in order to prevent its happening in future, and not to avoid any examination of the point intended for determination.

The decision of the superior court was correct, on two distinct grounds. 1. The power of attorney to Messrs. *Ingersoll* and *Hitchcock*, was not coupled with an interest, and therefore was revocable. 2. If it had been, it was revocable, by the law of this state, *pro tanto ;* that is, so far relates to a prosecution of suits in Mrs. *Mansfield's* name.

1. As a general legal truth, it is indisputable, that a naked power or authority, is revocable at pleasure ; (*Co. Litt.* 112. *b.* 113. *a. Shep. Touch.* 429.) and that a power or authority coupled with an interest, is irrevocable. *Bergen* & al. v. *Bennett,* 1 *Caines' Ca. Err.* 15.

The enquiry before the Court, is, whether the power in question was coupled with an interest ; and to decide correctly on this subject, it is necessary that we clearly understand what is the legal meaning of this expression.

A naked power exists when authority is given to a stranger to dispose of an interest, in which he had not before, nor has by the instrument creating the power, any estate whatever. But when power is given to a person, who derives under the instrument creating the power, or otherwise, a present or future interest in the subject over which the power is to be exercised, it is then a power coupled with an interest. *Bergen* & al. v. *Bennett,* 1 *Caines' Ca. Err.* 1. The case of *Hunt* v *Rousmanier,* 8 *Wheat. Rep.* 174. and the opinion delivered by Ch. J. *Marshall,* furnish the clearest view and illustration of this subject. *Rousmanier,* the defendant's intestate, borrowed a sum of money of *Hunt,* for which he gave him two promissory notes, and executed a power of attorney, authorizing him to make and execute a bill of sale of three-fourths of the brig *Nereus* to himself, with a proviso that the power was given for collateral security of the notes, and was to be void on their payment *Rousmanier* died insolvent ; and it became a question, whether, by his death, the preceding power was revoked. The general principle was first laid down, by Ch. J. *Marshall,* that " as the power of one man to act for another. depends on

*New-Haven,*
*November,*
*1827.*

Ma sfield
*v.*
Mansfield.

the will and licence of that other, the power ceases, when the will or permission is withdrawn." "But," he proceeded, " this general rule, which results from the nature of the act, has sustained some modification. Where a letter of attorney forms a part of a contract, and is a security for money, or for the performance of any act which is deemed valuable, it is generally made irrevocable in terms, or if not so, is deemed irrevocable in law." He next remarks, that " if a power be coupled with an interest, it survives the person giving it, and may be executed after his death." As this proposition is laid down too positively in the books to be controverted, he enquires " what is meant by the expression *a power coupled with an interest.*" To this he replies, by the enquiry, " Is it an interest in the subject on which the power is to be exercised, or is it an interest in that which is produced by the exercise of the power ?" " We hold it," said he, " to be clear, that the interest, which can protect a power after the death of a person who creates it, must be an interest in the thing itself. In other words, the power must be engrafted on an estate in the thing. The words themselves would seem to import this meaning. A power coupled with an interest, is a power which accompanies, or is connected with, an interest."

The principle contained in this case, is, that to constitute a power coupled with an interest, there must be an interest in the thing itself, and not merely in the execution of the power ; and to this effect are all the cases cited by the plaintiff's counsel. *Walsh* v. *Whitcomb*, 2 *Esp. Rep.* 565. was a case where *a deed of assignment* was given, and a power of attorney to effectuate it. In *Raymond* v. *Squire*, 11 *Johns. Rep.* 47. there was what the court considered *an assignment* of the covenants in a deed, and a power of attorney to sue upon them. In *Jackson* d. *King* & al. v. *Burtis* & al. 14 *Johns. Rep.* 391. executors, who executed a deed, were *devisees*, and had a direct interest in the sale. Their power was coupled with the interest they had as devisees. So in *Jackson* d. *Henderson* v. *Davenport*, 18 *Johns. Rep.* 295. lands were granted, and coupled with this, was a power of attorney to grant the lands again, if necessary.

There is a class of cases, to which reference was made in the argument, in which it is decided, that a power is not naked, in the sense of Lord *Coke's* general rule, which is coupled with other trusts and duties, that require the execution of the power to sell. *Sugden on Powers* 141. Lessee of *Zebach* & al. v.

HARVARD LAW LIBRARY

*New-Haven,*
November,
1827.

*Mansfield*
*v.*
*Mansfield.*

*Smith* & al. 3 *Binn.* 69.    The cases of *Osgood* & al. v. *Franklin* & al. 2 *Johns. Chan. Rep.* 1. and *Franklin* & al. v. *Osgood* & al. 14 *Johns. Rep.* 527. illustrate the principles contained in the cases alluded to.    In these cases, it was determined, that if executors, who were empowered, by last will, to sell the real estate of the testator, are vested with a legal or equitable interest in the estate ;  or are charged with a trust, the execution of which depends on the sale ;  the power survives,  and may be executed by one of them.    But this class of decisions,  unless the first attornies of Mrs. *Mansfield* had a power coupled  with an interest, are  entirely  inapplicable  to  the case  before us. There is no ground of pretence, that they were charged with a trust, the execution of which depended  on the exercise of the authority delegated to them.    They must  stand  or fall,  by the interest they have, coupled with the powers,  in the  instrument of attorney.

The subject of discussion came under  the consideration  of this  Court, in  *Peabody* v. *Harvey*, 4 *Conn. Rep.* 119.    One *Bushnell* directed the defendant to collect a promissory note in his hands, and to pay it to his creditors.    After this,  *Bushnell* ordered the payment of the same money  to one *Hyde ;*  which accordingly was made.    The first direction,  the court  determined, was a naked power, uncoupled  with interest.    It was considered as a gratuitous power to collect and pay the money, and did not amount  even  to  an  equitable assignment  of  the property.

I come now to consider the power, which the plaintiff claims to be irrevocable.

As it is not pretended, that before the execution of the power of attorney to Messrs. *Ingersoll* and *Hitchcock*,  they had any interest in the estate confided to their care, they of consequence have it devolved on them to shew,  that the  instrument constituting them attornies conferred on them an interest in the property, so that their  power  was  coupled  with  an  interest. On a construction of the instrument, according to  the  form of its expressions, and the object of the  parties,  I see no ground for this position.    It professes to have been executed, in consideration of a preceding indebtedness ;  but I am not aware, that this gives any aid in its construction.    A power without consideration is equally valid as with one ;  and the expression means no more than that  the  indebtedness was the inducement operating on Mrs. *Mansfield* in conferring the power in question.

We must look to other parts of the instrument to ascertain whether it transferred any interest.

On the clause empowering the attornies to sue, prosecute and discharge, no stress has been, or can be, laid.

They, however, were authorized to sell and convey the estate mentioned in the power, in the name of their principal. It has been established law, from before the days of Sir *Edward Coke* to the present time, that a power to sell and convey, is a naked power, and revocable. *Co. Litt.* 113. *a.* 112. *b.* 181. *b.* *Perk.* sect. 541, 542. *Shep. Touch.* 429. *Pow. Dev.* 292. 310. *Osgood* & al. v. *Franklin* & al. 2 *Johns. Chan. Rep.* 19, 20. *Lancaster* v. *Thornton*, 2 *Burr.* 1027. *Franklin* & al. v. *Osgood* & al. 14 *Johns. Rep.* 553.

The only remaining clause supposed to confer an interest, declares, that "after paying themselves all dues to them, or either of them, or to *Seth P. Staples*, Esq., and all expenses," the attornies are to account for the residue. This expression has been supposed to show, that the power created an interest in the estate to which it related, in security of the indebtedness before-mentioned; but I am of a different opinion. The instrument contains no words of conveyance or of assignment; but is a simple power to sell, convey and account. The object of the expression last-mentioned, was not to transfer the property, or to give a lien upon it, but to impart the privilege of a set-off, if the estate should be sold, and the money collected; nor can it, with any propriety, be contended, that the words express or imply any other meaning. The power in *Hunt* v. *Rousmanier* before cited, which the court adjudged to be a naked power not coupled with an interest, admitted of a different construction, with by far more force, than the one which the plaintiff has exhibited.

2. In this state, a power coupled with an interest is revocable, so far as relates to the prosecutions of suits in the name of a person, who has given a letter of attorney. The law has long been settled, by uniform practice and judicial determinations. *Coleman* v. *Wolcott*, 4 *Day* 6. *Bulkley* & al. v. *Landon* & al. 3 *Conn. Rep.* 76. In the case of an assigned note, there are both an assignment of interest and a power of attorney to sue; in other words, there is a power coupled with an interest. But notwithstanding this, it is a legal truth familiar to every lawyer, that the assignor may withdraw the action commenced on such note, in his name; and that the right to do

*New-Haven,*
*November,*
1827.

*Mansfield*
*v.*
*Mansfield.*

*New-Haven,*
November,
1827.

Mansfield
*v.*
Mansfield.

this is so common and well established as to be incapable of controversy.   Had Mrs. *Mansfield* assigned, for a valuable consideration, all her bonds and notes, the suits upon them she might withdraw, upon the unquestionable principle, that in *Connecticut,* all actions are supposed to be under the controul of the party to the record.   1 *Swift's Dig.* 437.   What power to prosecute, more irrevocably, can be stated or imagined ?

The plaintiff has adduced cases to show, that in the court of *Common Pleas* in *Westminster-Hall,* and in the neighbouring state of *New-York,* a different rule prevails ; (*Legh* v. *Legh,* 1 *Bos. & Pull.* 447.   *Andrews* v. *Beecker,* 1 *Johns. Ca.* 411.— *Wardell* v. *Eden,* 1 *Johns. Rep.* 531 n. (*a*)   *Littlefield* v. *Storey,* 3 *Johns. Rep.* 421.   *Anderson* & al. v. *Van Alen,* 12 *Johns. Rep.* 343.) and that they will not permit any interposition, in a suit, by the assignor.   This, undoubtedly, is good law in the courts, which have given it their sanction ; but here it is of no avail.   We have a law of our own, long established, and on mature deliberation, affirmed by this Court.   By this law, the determination of the superior court, was both authorized and required.

LANMAN and DAGGETT, Js. were of the same opinion.

PETERS, J. concurred in the result, being satisfied that a writ of error would not lie in this case.   On the construction and effect of the power, he expressed no opinion.

BRAINARD, J. was absent.

                                    Judgment affirmed.

━━◀◆▶━━

☞ In the cases of *Mather* v. *Chapman,* decided at *Haddam,* in 1826, *French* v. *Norfolk* at *Litchfield,* in 1827, and *Wheeler* v. *Chatfield* at *New-Haven,* in the same year, the Reporter has not been furnished with the reasons of the Court : and in consequence of this omission, he is unable to insert those cases in the present volume.